United States District Court
Southern District of Texas

**ENTERED**
June 20, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| OMAR ANDREW PRINGLE, | § | |
| (TDCJ # 01129963) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-23-2124 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Omar Andrew Pringle, (TDCJ #01129963), is a Texas state inmate in the custody of the Texas Department of Criminal Justice.  Representing himself, he has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his continued confinement on three 2002 convictions for aggravated robbery.  (Docket Entry No. 1, p. 2).  After reviewing the petition and the applicable law under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, it appears that Pringle's petition is barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d).  The court orders Pringle to show cause why this case should not be dismissed as untimely.

**I.      Background**

In October 2002, the 182nd District Court in Harris County sentenced Pringle to 70 years in prison following his guilty plea to three counts of aggravated robbery in Cause Numbers 894182, 896975, and 896976.  (Docket Entry No. 1, pp. 2-3).  The Texas First Court of Appeals affirmed Pringle's convictions and sentences in February 2004.  *See Pringle v. State*, Nos. 01-02-01214-CR, 01-02-01215-CR, 01-02-01216-CR, 2004 WL 306081 (Tex. App.—Houston [1st Dist.]

Feb. 19, 2004, no pet.) (mem. op., not designated for publication).   Pringle did not seek

discretionary review in the Texas Court of Criminal Appeals.

Pringle filed an application for a state writ of habeas corpus in Cause Number 896976 in

November 2021.  (Docket Entry No. 1, pp. 3-4).  This application was denied without written order

in March 2022.  (*Id.*).  *See also* https://search.txcourts.gov/ (last visited June 15, 2023).

In June 2023, Pringle filed his petition for a federal writ of habeas corpus in this court,

raising several claims of ineffective assistance of trial counsel.  (Docket Entry No. 1, pp. 6-7).  He

does not request any specific relief from this court, and he did not answer the question on the form

petition about the timeliness of his petition.  (*Id.* at 8, 10).  For the reasons explained below, the

court finds that his petition is subject to dismissal as barred by the applicable one-year statute of

limitations.

II.     **Discussion**

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214

(1996) ("AEDPA"), which controls a district court's review of a federal habeas petition, contains

a one-year limitations period which runs from the latest of four dates:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending extends the limitations period.  *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000).  But a state habeas application filed after the federal limitations period has expired will not extend the already expired limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The limitations period is an affirmative defense, but a district court may raise the defense on its own and dismiss a petition before ordering an answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).  Before doing so, the district court must give fair notice to the petitioner and an opportunity to respond.  *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Pringle's time to file a federal habeas petition challenging his convictions in Cause Numbers 894182, 896975, and 896976 began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The pleadings and matters of record show that Pringle's convictions became final for purposes of federal habeas review in March 2004, when his time to seek further review of those convictions in the state courts expired.  *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (when a defendant stops the appeal process before entry of a judgment by the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires"); *see also* TEX. R. APP. P. 68.2(a) (a petition for discretionary review must be filed within 30 days after the date the court of appeals' judgment was rendered).  The deadline for Pringle to file a timely federal habeas petition was one year later, in March 2005.

Pringle's current federal petition, filed in June 2023, is well outside the limitations period and is time-barred unless Pringle can show that a statutory or equitable exception applies.

## III.      Conclusion and Order

Because it appears from the face of Pringle's petition that it is untimely under 28 U.S.C. § 2244(d)(1)(A), Pringle must show cause in writing **on or before July 31, 2023,** why this case should not be dismissed as barred by the applicable statute of limitations.  Failure to respond to this order by that date will result in the dismissal of this case for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

SIGNED on June 20, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge